IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GREGORY LYNN WALLACE, | Cause No. CV 20-45-M-DLC-KLD |
| Petitioner, | |
| JOSH ZENT, et. al., | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Respondents. | |

This case comes before the Court on documents filed by state prisoner Gregory Lynn Wallace seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  See, (Docs. 1, 4, and 5.)  Wallace was directed to file an Amended Petition on the Court's standard habeas form.  See, (Doc. 6.)  Despite being provided the proper form, Wallace responded to the Court's order by completing the form applicable to pretrial detainees under 28 U.S.C. § 2241.  See, (Doc. 11.)

28 U.S.C. § 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but rather, who is in custody for another reason, such a pretrial detention or awaiting extradition. *White v. Lambert,* 370 F. 3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F. 3d 546 (9th Cir. 2010)(en banc); *see also, Stow v. Murashige,* 389 F. 3d 880, 886 (9th Cir. 20040)  Conversely, when an individual is in custody pursuant to a state court judgment, 28 U.S.C. § 2254,

1

provides the only habeas remedy for any challenge his detention, regardless of the nature of such challenge.  *White*,  370 F. 3d at 1009-10.  As set forth below, Wallace is currently in custody pursuant to two state court judgments, for being declared a Persistent Felony Offender for Driving Under the Influence out of Yellowstone County in Cause No. DC 11-0495, and for felony Escape, out of Butte Silverbow County in Cause No. DC 15-058.[1]  Because Wallace cannot proceed under § 2241, this Court will examine his petition pursuant to § 2254.

The Court is familiar with Mr. Wallace.  Wallace was involved in criminal and revocation proceedings in two separate federal matters: *US. V. Wallace*, CR-96-79-BLG and *US v. Wallace*, CR-04-61-BLG.  Additionally, representing himself, Wallace has filed six separate §2254 petitions, in addition to the present petition.[2]

## I.     Wallace's Claims

Although difficult to follow, in the instant petition Wallace seems to raise four central claims.  First he argues his constitutional rights were violated when he was charged with multiple offenses for the same set of circumstances surrounding a 2011 state DUI conviction which resulted in Wallace being determined to be a

---

[1] See, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3009601/ (accessed November 9, 2020).

[2] See, *Wallace v. Att'y General*, CV-08-11-BLG; *Wallace v. Northern Cheyenne Tribe*, CV-09-115-BLG; *Wallace v. Kirkegard*, CV-15-11-H; *Wallace v. State*, CV-17-74-M; *Wallace v. USA*, CV-17-81-BLG; and, *In Re: Wallace*, CV-19-14-M.

Persistent Felony Offender ("PFO"). (Doc. 11 at 6.)  Wallace next argues that there

was a conflict within the Office of the State Public Defender when representing

him on an absconding charge.  *Id.*  Finally, Wallace advances two claims again his

2006 federal case, in which he was convicted of Involuntary Manslaughter on a

Reservation.  See, *Wallace v. USA*, CR-04-61-BLG.  Wallace seems to assert he

should have received a verdict of acquittal on this federal case and that he should

have been able to challenge the conviction and/or revocation(s) on appeal.  *Id*. at 6-

7.

## II.    Analysis

For the reasons set forth herein, Wallace's petition should be dismissed for lack

of jurisdiction.

### i.    Claims 3 & 4

In relation to Wallace's final two claims challenging his 2006 federal

judgment of conviction, as set forth above, the Court is proceeding under Section

2254.  But, this statute only applies to a person "in custody pursuant to the

judgment of the state court."  The United States District Court of Montana is not a

state, accordingly, the Court lacks jurisdiction under Section 2254.[3] Wallace may

---

[3] A federal court may sua sponte examine its own jurisdiction.  *MacKay v. Pfeil*, 827 F. 2d 540,
542-3 (9th Cir. 1987).

not proceed in this matter with these claims; they should be dismissed for lack of jurisdiction.

The Court would also note that Wallace did previously challenge this sentence before this Court via a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The matter was dismissed and a Certificate of Appealability was denied.  See, *USA v. Wallace*, CR-04-61-SPW, Or. (D. Mont. Dec. 6, 2017).

### ii.    Claims 1 & 2

In relation to Claim 1, Wallace alleges he was unlawfully subject to multiple prosecutions for offenses arising out of the same transaction.  But, Wallace previously challenged this sentence of conviction in this Court. That petition was dismissed for being both time-barred and procedurally defaulted.  See, *Wallace v. Kirkegard*, CV-15-11-H-DLC, Or. (D. Mont. Sept. 17, 2015).

Wallace alleges in Claim 2 that the Office of the State Public Defender was acting under a conflict of interest when representing him in relation to absconding from supervision stemming from the Escape charge.  But Wallace previously filed a petition challenging the judgment of conviction for Escape.  Wallace's petition was dismissed as untimely.  See, *Wallace v. State*, Cause No. CV-17-74-BU-DLC, Or. (D. Mont. Jan. 25, 2018).

Thus, both of these claims constitute second or successive challenges to Wallace's state convictions.  Until Wallace obtains leave from the Ninth Circuit

Court of Appeals to file a successive habeas petition, *see* 28 U.S.C. § 2244(b), this Court has no jurisdiction to hear these claims, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

## III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Wallace attempts to advance do not appear to make a substantial showing that he was deprived of a constitutional right.  Moreover, because this Court lacks jurisdiction, no reasonable jurist would suggest the Court proceed further.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Wallace's Amended Petition (Doc. 11) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wallace may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Wallace must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 9th day of November, 2020.

*/s/ Kathleen L. DeSoto*

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Wallace is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

Kathleen L. DeSoto
United States Magistrate Judge